**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

WENDOLYN LEE,

      Petitioner,

v.                                                                      No. 2:20-cv-2429-MSN-tmp

FLOYD BONNER,

      Respondent.

**ORDER DENYING PETITIONER'S PENDING MOTIONS AS MOOT;**
**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION PURSUANT**
**TO 28 U.S.C. § 2241;**
**ORDER DENYING A CERTIFICATE OF APPEALABILITY;**
**ORDER CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD**
**FAITH;**
**AND**
**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Petition for a Writ of Habeas Corpus (the "Habeas Petition") and Amended Habeas Petition filed by Petitioner Wendolyn Lee, booking number 18103194, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee. (ECF Nos. 1 and 5.) On September 22, 2020, Respondent filed a motion to dismiss the petition based on Lee's failure to exhaust state remedies. (ECF No. 14.) For the reasons stated below, the Court **GRANTS** Respondent's motion to dismiss the Habeas Petition and Amended Petition. All pending motions filed by Petitioner are **DENIED** as **MOOT** due to the dismissal of the Petition and Amended Petition.

I.        **BACKGROUND**

      A.       **State Court Procedural History**

The procedural history of Lee's state criminal case was outlined in the Court's order of

dismissal, which was entered on April 8, 2020, in Lee's previous case filed on March 18, 2020:

> On November 4, 2016, Lee was charged with one count of rape, one count of statutory rape, and one count of incest.  Lee was arrested on November 11, 2016, for committing sexual offenses on his stepdaughter and released after making a $90,000 bond.  A condition of his supervision was to wear a GPS unit and be monitored by Global Position Monitoring.   The reporting center indicated that Lee had been missing since December 11, 2016, when he removed his GPS device that was later discovered by police in Southaven, Mississippi.

> Lee was indicted on July 25, 2017, for rape, statutory rape by an authority figure, and incest occurring between the dates of January 19, 2010 and January 18, 2016.  (*Id.*)   He was sent a bond letter to appear in court for arraignment on September 7, 2017, but he failed to appear.

> An additional indictment was returned against Lee on October 12, 2017, for failure to appear.   His bond was revoked, and he was arrested in February 2018.

> Lee's attorney filed a Motion to Dismiss for Lack of Jurisdiction in the state court.   The trial court denied the motion orally and then filed a written opinion on August 31, 2018.   Lee appealed and was denied relief by the Tennessee Court of Criminal Appeals because the application presented did not provide the necessary information for an extraordinary appeal.  *See* Tennessee State Courts, Appellate Case Search, *State v. Lee*, No. W2018-02110-CCA-R10-CD (Tenn. Crim. App. Mar. 18, 2019), https://www2.tncourts.gov/PublicCaseHistory/ (last accessed Apr. 6, 2020).   The Tennessee Court of Criminal Appeals stated,

>> The Appellant's application included a trial court order titled "Order Denying 'Motion to Dismiss for Lack of Jurisdiction.'" Although the title of the order references a motion to dismiss, the substance of the order addresses the Appellant's request that the trial judge recuse himself. The order refers to a hearing on a motion to dismiss the indictment and states that the motion was denied. However, the Appellant has not included any motions that he filed in the trial court or a transcript of the hearing.   Furthermore, the application he filed in this Court does not mention recusal, although he does assert that the trial court violated his constitutional rights

and that its order "upholding the indictment" was "fraud." Rather, the Rule 10 application focuses on the sufficiency of the indictment.

Based on the application compiled by the Appellant, this Court cannot conclude that extraordinary review is warranted. To the extent he seeks review of the trial court's denial of a motion to dismiss, he has not included the motion filed in the trial court or a transcript of the hearing on the motion." *Id.*[1]

Lee has also been charged with contempt of court on two separate occasions since his arrest. *See* Shelby County Criminal Justice System Portal, https://cjs.shelbycountytn.gov (last accessed Apr. 6, 2020). A trial has been set for July 27, 2020. *Id.*

(*See Lee v. Oldham*, Case No. 2:20-cv-2203-MSN-tmp, Order of Dismissal, ECF No. 7 at PageID 42–44 (internal citations to record omitted.) Case No. 2:20-cv-2203-MSN-tmp was dismissed due to Lee's failure to exhaust administrative remedies. (*Id.* at PageID 45–48.)

Although Lee previously had a trial set for July 27, 2020, the Tennessee Supreme Court issued an Order on April 24, 2020 suspending all jury trials until July 3, 2020. (*See In Re Covid-19 Pandemic*, Order Modifying Suspension of In-Person Proceedings and Further Extension of Deadlines, No. ADM2020-00428, filed April 24, 2020, Civ. No. 20-2429, ECF No. 14 at PageID 99–102.) On July 30, 2020, the Shelby County Criminal Court extended the suspension of jury trials indefinitely. (*See in Re Jury Trials in Criminal Court*, Order Modifying Comprehensive Plan Extending Suspension of Jury Trials Until Further Notice, ECF No. 14 at PageID 105–06.)

B.    Case No. 2:20-cv-02429-MSN-tmp

---

1.  Lee filed a state petition for writ of habeas corpus before the Tennessee Court of Criminal Appeals on February 11, 2020. *See* Tennessee State Courts, Appellate Case Search, *State v. Lee*, No. W2019-02242-SC-UNK-CO, https://www2.tncourts.gov/PublicCaseHistory/ (last visited Aug. 5, 2021). On March 18, 2020, that petition was denied without prejudice to seeking any appropriate relief in the trial court as the court's jurisdiction is appellate only. *See id.*

Lee remains a pretrial detainee.   (Civ. No. 20-2429, ECF No. 14 at PageID 68.)   On June

5, 2020, Lee filed another petition for writ of habeas corpus, again alleging that Tennessee has no

jurisdiction and that the State of Tennessee refuses to take his case to court.   (ECF No. 1 at PageID

1–3.)   Lee also alleges that COVID-19 is killing people and that "masses of black men is going

to die in Shelby County Jail."   (*Id.* at PageID 4.)   On July 17, 2020, Lee filed an amendment to

his petition, alleging that he still has not received a trial, that he currently does not have a trial date,

and requesting that he be released or placed in a jail "free from infection" of COVID-19.   (ECF

No. 5 at PageID 20–22.)

On July 31, 2020, the Court directed Respondent to file a response to the habeas petition.

(ECF No. 7.)   On September 22, 2020, Respondent filed a motion to dismiss the habeas petition,

alleging that Lee has still not exhausted his claims in the state courts.

## II.   ANALYSIS OF PETITIONER'S CLAIMS

Twenty U.S.C. § 2254 provides an avenue for habeas relief for "a person in custody

pursuant to the judgment of a State court."   *See* 28 U.S.C. § 2254(a).   Lee remains a pretrial

detainee and is not being held pursuant to a judgment of the state court.   *See Saulsberry v. Lee*,

937 F.3d 644, 647 (6th Cir. 2019) ("Inmates with final state court judgments thus must travel down

the § 2254 road, while pretrial detainees must travel down the § 2241 path.")

Except in extraordinary circumstances, not present here, the habeas remedy cannot be

invoked to raise defenses to a pending state criminal prosecution.   *See, e.g.*, *Younger v. Harris*,

401 U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v.*

*Boykin*, 271 U.S. 240 (1926); *Ex parte Royall*, 117 U.S. 241 (1886); *Ballard v. Stanton*, 833 F.2d

593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986).   Federal injunctions

against state criminal proceedings can be issued only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (internal quotation marks and citation omitted).   The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term.   Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46.   "'Extraordinary circumstances' [must] render the state court incapable of fairly and fully adjudicating the federal issues before it[.]" *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

The Sixth Circuit has recognized a state prisoner's attempts to seek a speedy trial as one of those exceptional circumstances allowing for relief under § 2241.   *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981); *see also Kanerva v. Zyburt,* No. 2:19-cv-225, 2019 WL 6974736, at *2 n.1 (W.D. Mich. Dec. 20, 2019).   A federal court should abstain from exercising jurisdiction over a speedy trial claim unless the prisoner has first exhausted the claim in state court.   *Atkins*, 644 F.2d at 546–48; *Anglin v. Breckinridge Circuit Court*, No. 3:11-CV-P220H, 2011 WL 1750787, at *1 (W.D. Ky. May 6, 2011).   The petitioner must "fairly present" each claim to all levels of state court review, up to and including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

The petitioner bears the burden of showing exhaustion.   *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).   Exhaustion of state court remedies is "especially forceful" with a right to a speedy trial violation, given that the relief granted—dismissal of the case—"could not be more disruptive

of pending state actions." *Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at \*2 (6th Cir. Oct. 28, 2019).

Although a federal court can address a pretrial detainee's claim that his right to a speedy trial has been violated, the only relief that may be obtained is an order forcing the State to bring him to trial. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial."); *Atkins*, 644 F.2d at 547–48; *see Smith*, 2019 WL 5608064, at \*2 ("[T]he district court properly denied relief to the extent that Smith sought to dismiss the state charges outright.").

Criminal defendants in Tennessee have no right to take interlocutory appeals on speedy trial motions. *State v. Hawk*, 170 S.W.3d 547, 548 (Tenn. 2005) ("We also hold that the defendant is not entitled to seek interlocutory review of the trial court's order rejecting her alleged Sixth Amendment speedy trial violation."). "The merits of a defendant's speedy trial claim can be best evaluated if raised on direct appeal following a conviction." *Id*. at 555. Where a defendant has no right to appeal a pretrial order denying his claim of a right to speedy trial, the denial of that motion does not constitute a ruling that would demonstrate exhaustion of his constitutional claim. *See Moore v. DeYoung*, 515 F.2d 437, 444–45 (3d Cir. 1975) ("This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review"). Further, this Court is limited to ordering that the state bring the petitioner to trial, and Lee's trial has been set for July of this year. Lee has not demonstrated exhaustion or an entitlement to habeas relief as a pretrial detainee based on his right to speedy trial.

6

Lee has an available remedy in the state court and has not shown irreparable harm that could not be eliminated in the process of his defense.   The issues presented may be resolved by a trial on the merits and subsequent appeal, if necessary.   Lee has not demonstrated that he is entitled to habeas relief as a pretrial detainee.

Respondent's motion to dismiss the Habeas Petition is **GRANTED** and the Habeas Petition is **DENIED** and **DISMISSED**.   Petitioner's remaining motions are hereby **DENIED AS MOOT**. (*See* ECF Nos. 11, 21, 22, 23, 24, 26, 29, 31, 34, 35, 36, 38, 39, 43, 45, 46, 47, and 48.)   Judgment shall be entered for Respondent.

## III.    APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).   The COA requirement is applicable in this case pursuant to 28 U.S.C. § 2253(c)(1)(A).   *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.   28 U.S.C. §§ 2253(c)(2) & (3).   A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009)

(per curiam) (same).   A COA does not require a showing that the appeal will succeed.   *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011).   Courts should not issue a COA as a matter of course.   *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Petitioner's claims are premature.   Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a COA.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.   However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.   *See* Fed. R. App. P. 24(a)(4)–(5).   For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith.   It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure P. 24(a), that any appeal in this matter would not be taken in good faith.   Leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED**, this 11th day of August, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

2. If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order.   *See* Fed. R. App. P. 24(a)(5).